CHEVRON OIL COMPANY, Plaintiff and Appellant, *v.*
OIL AND GAS CONSERVATION COMMISSION, ROB-
ERT H. SCOTT and VIRGIL BAKKE, Defendants and
Respondents.

No. 11350.
Submitted November 28, 1967. Decided December 27, 1967.
435 P.2d 781.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, James M. Haughey (argued), Billings, for plaintiff and appellant.

John Risken (argued), Helena, Loren J. O'Toole (argued), Plentywood, for defendants and respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment for the defendants-respondents in an action brought by the plaintiff-appellant to have Order No. 6-66 of the Montana State Oil and Gas Conservation Commission declared invalid and set aside, and to enjoin the Commission from applying or giving effect to the order.

The case was presented to the district court on a stipulation of facts and issues. It appears that all of Sections 1 and 12 of Twp. 37 North, Rge. 57 East, Sheridan County, Montana, lie within the boundaries of the Flat Lake Oil Field as defined by the Montana State Oil and Gas Conservation Commission (hereafter called the Commission). By its Order No. 10-65 the Commission established spacing rules for the field, and in such order provided that the field should be developed on the basis of one well per 160-acre tract, with the permitted well location in each tract to be in the approximate center of the NE quarter of each tract.

On the basis of this order, wells were drilled in Sections 1 and 12. All the wells in Section 12 were producers. One well was drilled in Section 1. This well was drilled in the SE¼ and in accordance with the spacing rules for the field. It was a dry hole. The landowner of the SW¼, Virgil Bakke, and the oil and gas lessee, Robert H. Scott, requested an exception to the normal spacing in the field so that they could drill a well in the center of the SE¼SW¼ of Section 1 rather than in the

center of the NE¼SW¼ as was authorized by the field spacing rules.

The basis for respondents Scott and Bakke's application for an exception to the spacing rules was that the well location in the SW¼ under the authorized spacing rules was allegedly beyond the end of the Flat Lake Pool. Yet there was probably oil under part of the SW¼. Scott and Bakke wanted to drill at a location which would result in giving them any oil under their land. Under the rule of Pattie v. Oil & Gas Comm., 145 Mont. 531, 402 P.2d 596 (1965), the Commission was required to consider Scott and Bakke's correlative rights to the oil under the SW¼ in an application for an exception to the field spacing rules.

By the Commission's Order No. 6-66, the exception location was granted over the protest of the appellant, which owns the lessee's interest in the wells in Section 12. The order did not in any way limit the production rate or restrict the quantity of oil to be produced by respondents Scott and Bakke in the event they should encounter oil after drilling at the exception location. Approximately thirteen days later, appellant applied for a rehearing, which was denied. Appellant brought this action, and subsequently the well was drilled and completed as a producer.

The parties entered into a stipulation in which the facts were stated and the issues agreed to be the following:

(1) Whether Order No. 6-66, Docket No. 2-66, of the Montana Oil and Gas Conservation Commission, granting an exception to the prescribed field-wide pattern location, in response to the application requesting an exception location because the pattern location was allegedly beyond the edge of the pool, is invalid because said order did not include a finding of fact to the effect (a) that the requested exception location is located on the edge of a pool or field and adjacent to a producing unit, or (b) that for some other reason specified in the

order, the requirement to drill the well at the authorized location on the spacing unit would be inequitable or unreasonable;

(2) Whether the Commission possesses the authority to limit the production rate or otherwise control the quantity of oil or gas to be produced from a well where there has been no showing of waste occurring, in order to protect the correlative rights of owners of interests in production from adjoining lands; and

(3) And, if issue (2) above is answered in the affirmative, whether the Commission's failure to include in order No. 6-66 any provisions which would appropriately limit the production rate or otherwise control the quantity of oil to be produced from the Scott-Bakke exception well so as to prevent defendants Scott and Bakke from producing more than their reasonable and equitable share of the oil in the Flat Lake Field, constituted a failure to protect the correlative rights of adjoining lessees and lessors, and is therefore unlawful.

In its findings of fact, conclusions of law and judgment, the district court concluded that the findings of fact in Order No. 6-66 were adequate, and thus decided issue (1) in the negative. On this appeal, the appellant does not challenge the district court's determination of issue (1). However, the district court also found and concluded, in considering issue (2), that the Commission has no authority to limit the production rate or otherwise control the quantity of oil or gas produced from a well, where there has been no showing of waste occurring, in order to protect the correlative rights of owners of interests in production from adjoining lands. It is this finding and conclusion which appellant contends is in error.

The question for this court is whether the Commission has the authority, in the absence of a showing of waste, to protect correlative rights when an exception location is granted.

The authority of the Commission to grant exceptions to field spacing rules is found in R.C.M.1947, § 60-129, subd. C. We said in Pattie v. Oil & Gas Comm., supra, at p. 537, 402 P.2d

at p. 599, that "Unless the Montana Act is flexible enough to permit the Commission to make orders with an eye to the interests of adjacent landowners in sharing in the common supply the legislation would have to be held unconstitutional as a deprivation of property without due process of law * * *." We then found it was implicit in section 60-129, subd. C, that the Commission had the authority and duty to consider correlative rights in granting exceptions to field spacing rules. It was on this case that Scott and Bakke based their application for an exception to the field spacing rules. The respondents, Scott and Bakke and Commission, now contend that the consideration of correlative rights must be limited to only the rights of the applicant for the exception location. We cannot agree. Correlative rights are not a one-way street. The authority of the Commission to limit production to protect the correlative rights of adjoining owners when an exception location well is granted is a natural facet of the authority to consider correlative rights when granting the exception-location. For a consideration of the elements and factors involved in correlative rights in Montana under the Montana Oil and Gas Conservation Act see the Pattie case, supra.

As respondents state in their brief, "the controlling property right is that of the applicant to production from his property," not from an adjoining owner's property. The Commission has the authority to restrict the production of the exception well, on a proper showing, so that it does not result in a taking of production from an adjacent owner's property. This authority is only an incident of the authority to grant exceptions to established spacing rules. Such order must naturally be consistent with the purpose of the Conservation Act and not result in waste.

Just as the Act protects the rights of the owner to capture his share of the oil and gas when the pool is only under part of his land, it must protect the adjoining landowners from having their share of the oil and gas appropriated by the ex-

ception location well. To hold otherwise would be the equivalent to operating under the Rule of Capture theory but without the protection afforded an adjoining landowner under the Off-set Drilling Rule theory.

Although no exact or precise determination can be made as to the amount of oil or gas under each tract, it can be made within reasonable limits and subject to redetermination as more knowledge is acquired about the particular field. All factors involved in the production from the exception location well should be taken into account.

The respondents emphasize that the appellant did not offer any evidence at the hearing of the Commission on the application for the exception location. They also state that this court must find that the acts of the Commission were arbitrary or unreasonable in order to sustain appellant's position. This is not so. The Commission denies that it possesses the authority to limit production from the exception location well in the absence of a showing of waste. They did not make any findings as to injury of adjoining owners' correlative rights. We find they have the authority to limit production if the evidence supports a finding that the adjoining owners' correlative rights are jeopardized. The respondents have stipulated that this was one of the issues to be decided in this case.

The Commission has granted, and the district court has upheld, the granting of the exception location well. We do not overrule this finding. The Commission must now hear evidence on the issue of injury to the correlative rights of adjoining landowners and determine if there are grounds for the exercise of its authority to limit production of the exception location well.

The judgment is thus reversed in part, and the cause remanded to the district court with direction to enter a judgment consistent with what has been hereinbefore stated, and providing for return of the cause to the Oil and Gas Conservation Commission for further proceedings.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON concur.